**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Timothy L. WELLS, Respondent.**

**No. 98–SC–847–KB.**

Supreme Court of Kentucky.

March 25, 1999.

Bruce K. Davis, Executive Director, Jane Hampton Herrick, James D. Holliday, Kentucky Bar Association, Frankfort, for Movant.

Timothy L. Wells, Hyden, for Respondent.

### ORDER

The Kentucky Bar Association ("KBA") brought this action against Respondent, Timothy L. Wells, for alleged professional misconduct. This action includes four consolidated cases involving four different clients. In previous proceedings, Respondent was temporarily suspended from the practice of law on May 22, 1997, and he was disbarred by Opinion and Order of this Court entered on March 16, 1998. In this case, Respondent failed to request that this Court review the recommendation of the KBA Board of Governors pursuant to SCR 3.370(7). Thus, pursuant to SCR 3.370(9), the recommendation of the Board of Governors is hereby adopted and Respondent is permanently disbarred.

Respondent, whose last known address was P.O. Box 1861, Hyden, Kentucky, 41749, was admitted to the practice of law in Kentucky in October 1991. In December 1994, Michael Campbell was involved in an automobile accident, and in 1995, he retained Respondent to represent him on a claim resulting from the injuries sustained in the accident. Throughout the next two years, Campbell repeatedly contacted Respondent regarding the progression of the case, and Respondent told him that the lawsuit had been filed, that he was working on the case, and that the other side kept "putting it off." In 1997, Campbell learned that Respondent's license to practice law had been "revoked,"

and Campbell confronted Respondent with this information. Respondent denied that such a revocation had occurred and insisted that he was still working on Campbell's case. However, no lawsuit had been filed on behalf of Mr. Campbell, and the statute of limitations had expired.

A complaint against Respondent was filed on January 22, 1998, and it was served on Respondent on January 31, 1998. Respondent failed to respond to this complaint as well as to repeated requests for information.

In the same automobile with Campbell at the time of the accident, discussed above, was Campbell's 16–year–old nephew, Bryan Bowling. At the time that Campbell retained Respondent to represent him, Bryan Bowling's father, Calloway Bowling, retained Respondent to represent Bryan in a claim arising from the injuries he sustained in the automobile accident. For the next two years, Respondent repeatedly represented to the elder Bowling that he had filed the lawsuit and that the case was set for trial but had been continued by the judge. Respondent also told Calloway Bowling that he had not been suspended from the practice of law. However, no lawsuit had been filed. Yet because Bryan Bowling was 16 years old at the time of the accident, a lawsuit was filed by another attorney within the time allowed and a successful recovery was effectuated by the other attorney.

A complaint against Respondent was filed in December 1997, and it was served on Respondent by the sheriff in January 1998. Respondent failed to reply to repeated demands by the KBA for information.

Based upon the facts in the Campbell and the Bowling cases, Respondent committed violations of SCR 3.130–1.3, failing to act with reasonable diligence and promptness; SCR 3.130–1.4(a), failing to reasonably inform a client of the status of a matter; SCR 3.130–8 .3(c), engaging in acts of dishonesty, fraud, deceit, or misrepresentation; and SCR 3.130–8.1(b), failing to respond to a demand for information by a disciplinary authority.

In late 1992, Nancy Morgan hired Respondent to represent her in a potential medical malpractice case. For the next two years,

Respondent repeatedly told Morgan that he had filed the lawsuit, that a trial date had been set, and that he was working on her case. In early 1997, Respondent gave Morgan a check for $1,000, which he claimed was a "loan" to be paid back from her recovery in the malpractice case. When Morgan took the check to the bank to be cashed, she was told that the check was "no good." In July 1997, Morgan heard that Respondent's license had been suspended, and she asked him whether this news was true. He denied that his license had been suspended and indicated that he was still working on her case. As it turned out, Respondent had not filed the lawsuit, and the statute of limitations had expired.

A complaint against Respondent was filed in April 1998, and it was served on Respondent in May 1998. Respondent failed to respond to this complaint as well as to repeated demands by the KBA for information.

Based upon Respondent's conduct in regard to the Morgan case, Respondent committed violations of SCR 3.130–1.3, failing to act with reasonable diligence and promptness; SCR 3.130–8.3(c), engaging in acts of dishonesty, fraud, deceit, or misrepresentation; and SCR 3.130–8.1(b), failing to respond to a demand for information by a disciplinary authority.

On July 4, 1994, Mary Boggs was injured when a dining room chair in which she was sitting collapsed and fell onto the floor. Boggs retained Respondent to represent her, and Respondent filed a complaint on her behalf on July 4, 1995. In late 1996, Respondent settled the case with the defendant for $23,750. Boggs, however, did not authorize the settlement, and in fact she was not even aware that a settlement had been reached until early 1998 when she retained another attorney who discovered that a settlement had been reached. Respondent had endorsed the names of Boggs and her husband to the settlement check and had converted the proceeds for his own use. Respondent also signed the names of Boggs and her husband to the Release and the Entry of Dismissal, and returned the forged documents to defense counsel, who tendered it to

the judge for signature and filing with the clerk.

A complaint was filed on February 19, 1998. Respondent was served by the sheriff on February 27, 1998, and he subsequently tendered no response to this complaint as well as to repeated demands for information.

Based upon Respondent's conduct surrounding the Boggs case, Respondent committed violations of SCR 3.130–1.4(a), failing to reasonably inform a client of the status of a matter; SCR 3.130–8.3(b) and (c), committing a criminal act and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and SCR 3.130–8.1(b), failing to respond to a demand for information by a disciplinary authority.

Upon the foregoing facts and charges, the Board of Governors' recommendation of permanent disbarment is adopted. It is further ordered that:

1. Respondent, Timothy L. Wells, is hereby permanently disbarred from the practice of law in Kentucky. The period of permanent disbarment shall commence on the date of entry of this Order.

2. In accordance with SCR 3.450, Respondent, Timothy L. Wells, is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $292.15, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them and to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: March 25, 1999.

/s/Joseph E. Lambert
  Chief Justice